GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* WORKMEN'S RELIEF COMMISSION, RESPONDENT AND APPELLANT.

APPEAL from the First District Court of San Juan in Certiorari Proceedings.—Motion for Dismissal.

No. 3221.—Decided May 6, 1924.

APPEAL—CERTIORARI—TRANSCRIPT OF EVIDENCE—STENOGRAPHER.—A transcript of the evidence made by the stenographer is not sufficient for perfecting an appeal from a decision rendered in certiorari proceedings against the Workmen's Relief Commission where no evidence was examined at the trial. For that reason, on motion of the appellee, a certificate of the stenographer entitled "approval of the statement of the case," authorized by the trial judge and containing the proceedings before the respondent commission, was stricken from the record. Therefore, there being no real statement of the case and the transcript having been filed more than thirty days after the filing of the notice of appeal, the appeal was dismissed.

The facts are stated in the opinion.

The *Attorney General* and *Messrs. R. H. Todd, Jr., J. A. López Acosta* and *C. Llauger Díaz* for the appellant.

*Messrs. Celestino Iriarte, Jr.,* and *R. Castro Fernández* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiff has moved that the court strike out the transcript of the record and dismiss the appeal.

On taking the appeal the appellant moved that in accordance with Act No. 27 of November 27, 1917, providing for the substitution of the bill of exceptions and statement of the case by a transcript of the evidence, the stenographer be directed to prepare the transcript of the record.

The appellee opposed the adoption of this method of appealing, alleging that at the hearing in the certiorari proceedings no evidence was examined and the trial court merely considered the return made by the respondent commission.

However, the trial court ordered the stenographer to prepare a true and complete transcript of the record in the case, but the record contains two certificates of the trial judge, one approving a so-called statement of the case which includes the judgment-roll certified to by the clerk, and another entitled "approval of the statement of the case" containing all of the proceedings before the respondent commission certified to by the stenographer and also by the trial judge. Section 1 of Act No. 27 of November 27, 1917, reads as follows:

"That instead of preparing the bill of exceptions or statement of the case determined by Section 299 of the Code of Civil Procedure, in order to obtain a review on appeal of any matter or order reviewable on appeal from a final judgment, there may be filed with the secretary of the court whose judgment, order or decision shall have been appealed from a written application for the making and preparation of a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto. Said written application shall be filed within ten days after filing the notice of appeal."

As in certiorari proceedings the returned writ is the answer of the defendant, the evidence and the case being heard by virtue thereof, and nothing else was done in the present case, we do not see that the stenographer can certify to proceedings not conducted before him. It would be the same as if the stenographer had certified the first so-called statement of the case containing the judgment-roll. Of course, if this were a certiorari proceeding containing any of the matters referred to in the Act providing for the substitution of the statement of the case or bill of exceptions by the stenographic notes, it is clear that then it would

be permissible that the stenographer should transcribe the said matters for the purpose of perfecting the appeal. But otherwise the nature of the certiorari proceeding does not seem to be reconcilable with that manner of preparing the record when only the returned writ is to be considered, there being no other formal pleading of the defendant and no necessity of offering or hearing evidence of any kind.

Therefore, the method adopted for placing this court in a position to review the returned writ is not proper; hence the motion must be sustained, striking from the record the so-called statement of the case certified to by the stenographer. ·

And the effect of this ruling being that the record contains no real statement of the case or bill of exceptions, the appellant should have brought up the record of this case to the Supreme Court within the thirty days following the filing of the notice of appeal. Not having done so, in accordance with the rules of this Court and the jurisprudence applicable, the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison dissented.